Donna Jean **GONDEK**, Plaintiff—Appellant,

and

Larry Don Gondek, Plaintiff,

v.

Richard **HEBHARDT**; James Snedigar; Cooper River School District Board of Directors, Defendants—Appellees,

and

Rodney Dial; Bob Collins, Beth M. Betts; Cheryl Sparks; Mike Roscovius; Elaine Sinyon; Kathy McConkey; Clarence McConkey, Defendants.

Donna Jean Gondek, Plaintiff,

and

Larry Don Gondek, Plaintiff—Appellant,

v.

Richard Hebhardt; James Snedigar; Cooper River School District Board of Directors; Rodney Dial; Bob Collins, Beth M. Betts; Cheryl Sparks; Mike Roscovius; Elaine Sinyon; Kathy McConkey; Clarence McConkey, Defendants—Appellees.

Nos. 02–35443, 02–35445.

D.C. No. CV–01–00098–A–HRH.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 15, 2003.*

Decided Feb. 3, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Daniel M. Friedman, Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before SKOPIL, FERGUSON, and BOOCHEVER, Circuit Judges.

## MEMORANDUM**

This civil rights and employment discrimination action arises from a school teacher's transfer to another school and her husband's conviction for assault when he sought to meet with a school official. The district court entered judgment in favor of all defendants. We have carefully examined the record for error, and finding none, we affirm.

Larry and Donna Gondek appeal pro se the district court's grant of summary judgment on their Title VII claim that Donna was forced to transfer to another school based on gender discrimination. Prior to that ruling, however, the district court (1) ruled that the school district and its officials are entitled to Eleventh Amendment immunity on the Gondeks' civil rights claims, age discrimination claims, and common law tort claims; (2) dismissed the action against the prosecuting attorney based on immunity; and (3) dismissed the action against the investigating police officer when Larry Gondek moved for voluntary dismissal. The Gondeks do not expressly appeal these rulings, and even if they did, we discern no error in the court's decisions.

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.,* prohibits sex discrimination in employment. *See Little v. Windermere Relocation, Inc.,* 301 F.3d 958, 966 (9th Cir.2002). To prevail in her Title VII action, Donna Gondek was first required to establish a prima facie case of discrimination. *See Vasquez v. County of Los Angeles,* 307 F.3d 884, 889 (9th Cir. 2002). For her disparate treatment claim, she was required to demonstrate that "(1) she belongs to a protected class; (2) she was qualified for the position; (3) she was subjected to an adverse employment action; and (4) similarly situated men were treated more favorably." *See Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1062 (9th Cir.2002). For a hostile work environment claim, she needed to allege that "(1) she was subjected to verbal or physical conduct of a sexual nature; (2) this conduct was unwelcome; and (3) this conduct was sufficiently severe or perva-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

sive to alter the conditions of ... employment and create an abusive working environment." *Little,* 301 F.3d at 966 (internal quotation omitted).

We agree with the district court that Donna Gondek failed to establish a prima facie case of either disparate treatment or hostile working environment. There is a complete lack of any allegation or evidence that Gondek was treated differently from any male teacher or that any action taken by any defendant was based on her gender. There is no alleged conduct "sufficiently severe or pervasive" to create a hostile work environment. Because we conclude that Gondek did not establish her prima facie case of discrimination, summary judgment was properly entered in favor of defendants. *See Llamas v. Butte Cmty. Coll. Dist.,* 238 F.3d 1123, 1126 (9th Cir.2001).

**AFFIRMED.**